## C. P. HOWARD & another *vs.* WARREN H. PEPPER.

Worcester.    October 4. — 20, 1883.    FIELD & W. ALLEN, JJ., absent.

The owner of a farm sold to B. the wood and timber on a lot of land described as "on the west side of the H. pasture, so called, containing about two acres, be the same more or less." On the same day, a deed of the farm was made to A. "excepting and reserving the wood and timber on the H. land." At the trial of an action brought by A. against B. for cutting down eight trees, it appeared that on the west side of the H. pasture there was a wooded tract of land containing about two acres; that some twenty rods off in the southwesterly portion of the pasture were the eight trees in question, standing alone, and about four to six rods apart; and that these trees were of value as shade trees, and were also of value for wood and timber. *Held,* that these trees passed to A. by the deed to him, and were not embraced in the bill of sale to B.

TORT for cutting down eight trees on the plaintiff's land. At the trial in the Superior Court, before *Staples,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. S. B. Hopkins,* for the defendant.

*J. A. Titus,* for the plaintiffs.

DEVENS, J.    The town of New Braintree, by its selectmen properly authorized, sold to the defendant, for the sum of $800, "the wood and timber on two lots of land belonging to the town," the second of which was described as "lot no. 2, on the west side of the Hawes pasture, so called, containing about two acres, be the same more or less." The conveyance also contained these words: "Said Pepper is to have all the wood and timber standing thereon," with an exception that, it is agreed, does not apply to the lot on which the trees were cut which are the subject of this action. Two years were also allowed to the defendant for the purpose of removing the same. The plaintiff became the owner of these lots by a deed of the same date, which included the whole farm of which these lots were a part, "excepting and reserving to the inhabitants of New Braintree the wood and timber on the Hawes land," and also on the other lot of land on which the wood and timber had been sold.

The bill of exceptions sufficiently shows that the Hawes pasture was a much larger tract than two acres. The trees cut by the defendant were on the southwesterly side of the pasture, at some twenty rods' distance from a wood-lot of about or over two

acres.   They were eight in number, about four to six rods apart, and were in the open pasture and were of value for their shade. It was also shown that they were proper, and profitably useful, for wood and timber.

The defendant contends for a construction of the agreement of sale and deed which would entitle him to cut them, and deprive the plaintiff of any right to recover therefor.   This contention cannot be maintained.   While the description of the wood and timber conveyed by the agreement is far from exact, yet enough appears to show that it was not intended to convey all the trees on the Hawes pasture, or even on the west side of it, which could be properly used for wood and timber.   There is found on the west side of the Hawes pasture a tract of woodland, a " forest growth,". to use the phrase of the presiding judge, of about or over two acres in extent.   This answers completely the description of the place where the wood and timber are to be found.   It cannot be inferred that it was intended to convey thereby trees entirely detached from this growth, even if suitable for wood and timber.   Again, the deed which conveys the farm, while it reserves the wood and timber on the Hawes lot, when taken in connection with the agreement, cannot be construed as a reservation extending beyond the lot roughly there described, or as including trees separate therefrom, and having a distinct value for agricultural purposes, as the shade trees of a pasture.

For these reasons, we are of opinion that the instructions of the presiding judge were correct, — that these trees, if they stood in the open pasture, separate from each other, and from the wood-lot on the west side of the pasture, passed to the plaintiff by his deed, and he could recover for cutting the same.

*Exceptions overruled.*